**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

CONNIE COKER                                                                                   PLAINTIFF

V.                                                            CIVIL ACTION NO. 1:21-CV-182-MPM-RP

KROGER LIMITED PARTNERSHIP I                                DEFENDANTS

**ORDER**

The parties and their attorneys are hereby **ORDERED TO APPEAR** before the undersigned at the United States Courthouse, 911 Jackson Avenue, Suite 242, Oxford, MS, for a settlement conference on **August 24, 2022 at 2:00 p.m.** The attorneys for the parties are responsible for timely advising any involved nonparty insurance company or subrogee of the requirements of this Order.

The persons attending the conference must make certain their travel schedules are sufficiently flexible to permit them to remain at and personally participate in the settlement conference until **as late as 5:00 p.m.**, if necessary. No participant in the settlement conference will be permitted to leave the conference before it is concluded without the permission of the settlement conference judge.

The settlement conference will be held under the following terms and conditions.

1.     **PRIOR SETTLEMENT NEGOTIATIONS REQUIRED.** The settlement conference is not a vehicle to facilitate *the commencement* of settlement negotiations. By **not later than seven days before the date of the settlement conference,** the parties must have exchanged **at least two written settlement demands and two written settlement offers**. The

parties must employ these discussions with the intent that the case actually be settled, if possible, without court participation. In other words, the parties and their counsel have an affirmative, good faith duty to take settlement discussions as far as reasonably possible without the assistance of the court. Counsel is reminded that their professional obligations to their clients include the duty to use all best efforts and good faith to resolve disputes -- not just file and litigate cases.

2. **INDIVIDUALS WITH FULL AUTHORITY.** All parties must attend the settlement conference in person, except that if an individual other than a party (such as a representative of a party's insurer) has complete authority to negotiate and consummate a settlement on behalf of a party, that individual must appear for that party, who in that event may be excused from attending. An attorney who has appeared in this lawsuit for a party is not permitted to serve as the sole representative of that party at the settlement conference, even if the attorney otherwise has the required authority.

3. **CONFIDENTIAL SETTLEMENT STATEMENTS.** Not later than **seven business days** before the settlement conference, the parties must submit to the settlement conference judge via email (but not file) a confidential written settlement statement setting forth the following: (a) the relevant positions of the parties concerning factual issues, issues of law, and damages; (b) the settlement negotiation history of the case, including a recitation of the specific demands and offers that have been conveyed; and (c) the names and positions of the individuals who will be attending the settlement conference. The statement should not exceed **five pages** in length. The statement will not be made a part of the case file or shared with any other party, and it will be destroyed following the settlement conference. By agreement of the

parties, counsel for any party may schedule a confidential, ex parte teleconference with the undersigned Magistrate Judge, who likewise may schedule such a teleconference with counsel for any party, to take place during the seven-day period immediately preceding the settlement conference for the exclusive purpose of discussing matters referenced in the respective party's confidential settlement statement or other matters directly related to the settlement conference.

4. **PRESENTATIONS AT SETTLEMENT CONFERENCE.** If they wish, the attorneys will be permitted to give a brief presentation (**ten minutes or less**), similar to an opening statement, outlining the factual and legal strengths of their case. The parties also may be permitted, if they wish, to make brief statements. The judge will then hold separate, confidential caucuses with each party.

5. **CONFIDENTIALITY.** The purpose of the settlement conference is to effectuate settlement of the case if possible, but the settlement conference will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. All matters communicated to the settlement conference judge in confidence will be kept confidential by the judge, and will not be disclosed to any other party or to the trial judge.

6. **REQUIREMENTS OF THIS ORDER NOT MET OR SETTLEMENT NOT REASONABLY POSSIBLE.** If, before the settlement conference, counsel for any party learns that the requirements of this order will not be met or determines that settlement is not reasonably possible, then that counsel must initiate a telephone conference with the magistrate judge (at 662-234-3114) and opposing counsel to discuss whether the settlement conference should be canceled or postponed. The telephone conference must be sought soon enough so

that the fees and expenses incurred in connection with convening the settlement conference can be avoided (normally, at least two court days before the date scheduled for the settlement conference).

7. **ASSESSMENT OF COSTS AND EXPENSES.** If a party appears at the settlement conference without having complied with the requirements of this order, then the court may cancel the settlement conference and assess against the noncomplying party, attorney, or both, reasonable fees and expenses incurred by other parties in attending the settlement conference, as well as any expenses incurred by the court in attending the settlement conference.

**SO ORDERED,** this the 20th day of January, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE