IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CONNIE COKER**                                                  **PLAINTIFF**

**V.**                                                          **NO: 1:21-CV-182**

**KROGER LIMITED PARTNERSHIP I**                            **DEFENDANT**

**OPINION AND ORDER**

This is a premises liability case. The Court has jurisdiction based on diversity of citizenship. The matter is before the Court on Defendant Kroger Limited Partnership I's ("Kroger") Motion for Summary Judgment (ECF No. 80). The motion is fully briefed, and the Court has thoroughly reviewed the record and carefully considered the applicable law. This is the decision of the Court.

**Background**

On September 4, 2019, Plaintiff Connie Coker went to a Kroger store in Tupelo, Mississippi, to shop for groceries. (ECF No. 88, PageID.534). Having recently had surgery, Ms. Coker was using a walker, had an ankle brace, and walked slowly. (*Id.*, PageID.536-37). Ms. Coker states that as she attempted to enter the Kroger store, the automatic doors closed on her, and she fell. (*Id.*, PageID.534). Ms. Coker contends that the doors closed on her because a sensor that would have kept them open, called a Stan-Guard sensor, malfunctioned, creating a dangerous condition. (*Id.*).

Record evidence, including the Defendant's own submissions, offers support for Plaintiff's contention. The Stanley company installed and maintained the doors. The doors have both a motion sensor that automatically opens the door, and a Stan-Guard sensor that detects the presence

of anything too close and prevents the door from closing. (*See* Riley dep., ECF No. 80-1, PageID.347).

A Stanley maintenance technician, Paul Price, replaced the Stan-Guard sensor at issue on August 16, 2019, just over two weeks before the incident occurred. (ECF No. 80-3, PageID.387). Mr. Price described the Stan-Guard sensor as "burnt up (water damage)." (*Id.*). Ms. Coker's fall occurred on September 4, 2019. Kroger did not have the door checked until approximately three weeks later, on September 24, 2019, when Stanley technician Stephen Riley inspected the door. Mr. Riley found that the Stan-Guard sensor did not work, and he replaced and rewired the Stan-Guard sensor. (Riley dep., ECF No.80-1, PageID.348). Mr. Riley suspected that water had again caused damage to the Stan-Guard sensor. (*Id.*)

The record reflects that although Kroger conducted a daily safety inspection of the automatic doors, that daily inspection did not include checking the Stan-Guard sensor. (Mangrum dep., ECF No. 80-2, PageID.363-64). Plaintiff Coker asserts that Kroger should have checked the Stan-Guard sensor as part of its daily safety inspection of the automatic doors and that Kroger should have been aware of the malfunction. She claims that if the Stan-Guard sensor had functioned properly, the doors would not have closed on her. She attributes her fall and ensuing injuries to Kroger's negligence.

**Legal Standards**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 248 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the

nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If a moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 634 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

The Court has jurisdiction based on diversity of citizenship, and so Mississippi substantive law applies in this case. *See Chambliss v. Wal-Mart Stores, Inc.*, No. 1:14-cv-36, 2015 WL 5009698, *8 (S.D. Miss. Aug. 21, 2015); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Cox v. Wal-Mart Stores East, L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (quotation marks omitted). All agree that Ms. Coker's status when the incident occurred was that of a business invitee. "While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises in a reasonably safe condition." *Pigg v. Express Hotel Partners, LLC*, 991 So.2d 1197, 1199 (Miss. 2008). A premises owner's duty to invitees includes a "duty to keep its premises in a reasonably safe condition," and a duty to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover

3

dangerous conditions existing on the premises." *Id.*, at 1199-1200 (quotation marks omitted). "The breach of either duty supports a claim of negligence." *Id.* at 1200.

## Discussion

Disputes as to material facts preclude summary judgment in this case. Material facts in dispute include, without limitation: whether the Stan-Guard sensor malfunctioned when the accident occurred; whether such a malfunction caused the accident; whether Kroger should have detected the malfunction in its daily safety inspection; and whether the Stan-Guard sensor would have prevented the automatic doors from closing on Ms. Coker if it had functioned properly. A factfinder must determine whether Kroger kept the premises in a reasonably safe condition and whether Kroger's daily inspection checks and maintenance of the doors amounted to "reasonable inspections to discover dangerous conditions existing on the premises." Judgment as a matter of law is not warranted.

## Conclusion

For these reasons, Defendant is not entitled to summary judgment in its favor, and Defendant's Motion for Summary Judgment is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of December, 2022.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**