IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CONNIE COKER**   **PLAINTIFF**

**VS.**   **CIVIL ACTION NO.: 1:21CV182-MPM-RP**

**KROGER LIMITED PARTNERSHIP I,**
**and JOHN DOES 1-5 et al.**   **DEFENDANTS**

**ORDER DENYING MOTION TO STRIKE**

This matter is before the court on Kroger Limited Partnership I's Motion to Preclude Introduction of Plaintiff Exhibit P-42 for Failure to Disclose. ECF #112. Exhibit P-42 is described in the pretrial order as "ANSI/BHMA A156.10-2017, Standard for Power Operated Pedestrian Doors," a document which Kroger asserts was not disclosed or produced in discovery and should therefore be stricken from the pretrial order. In response, the plaintiff points out that her retained expert cited this publicly available industry standard and provided excerpts in his written report that was provided to Kroger during discovery; and that Kroger's own retained expert addressed this standard in his written report as well. The court finds that Kroger's motion to strike the exhibit is not well taken and should be denied.

Federal Rule of Civil Procedure 26(a)(1)(A) requires that a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment…;

> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support is claims or defenses, unless the use would be solely for impeachment….

Rule 26(e)(1)(A) requires the party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See also* L.U.Civ.R. 26(a)(5).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, No. 3:03CV60-P-D, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009) (citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)). In evaluating whether a violation of Rule 26 is harmless, the court considers four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell Western E&P, Inc.,* 609 F.3d 710, 729 (5th Cir. 2010).

The court finds the plaintiff's failure to provide Kroger with a copy of the subject industry standard during discovery is harmless. The plaintiff's expert identified and quoted the publicly available standard in his written report, as did Kroger's own expert. The plaintiff's intent to rely on the standard at trial comes as no surprise to Kroger, whose expert apparently had equal access to the standard.

Therefore, Kroger Limited Partnership I's Motion to Preclude Introduction of Plaintiff Exhibit P-42 for Failure to Disclose is DENIED.

SO ORDERED, this, the 3rd day of January, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE